UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MAXEY, | ) | |
| | ) | |
| Plaintiff, | ) | No.  17-cv-8392 |
| | ) | |
| V. | ) | Honorable Samuel Der-Yeghiayan |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, WILLIAM MAXEY by and through his attorneys, the Law Offices of Eugene K. Hollander, and for his Complaint at Law, states as follows:

### JURISDICTION

1. This is a suit in equity authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, 29 U. S.C. Sec. 621 *et. seq*. ("ADEA"). Jurisdiction of this court is based upon a federal question, 28 U.S.C. Sec. 1331.  The Jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. Sec. 621 *et. seq.* providing for declaratory, injunctive and other relief against age discrimination in employment.

2. Venue in this district is proper under 28 U.S.C. Sec.1391 (B).  The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"), by Plaintiff WILLIAM MAXEY ("MAXEY") on August 19, 2017, a copy of which is attached hereto as **Exhibit 1.**

b. MAXEY was issued a notice of right to sue by the EEOC on September 11, a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

4. MAXEY is a citizen of the United States and the State of Illinois and resides in Wadsworth, Illinois.

5. MAXEY was a member of the protected class, age 67, when the unlawful employment practices occurred.

6. MAXEY was an "employee" as that term is defined by The Age Discrimination in Employment Act.

7. ALLSTATE INSURANCE COMPANY ("ALLSTATE") is an Illinois corporation.

8. ALLSTATE is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

9. ALLSTATE is an employer within the meaning of 29 U.S.C. Sec. 630 (B).

10. Defendant, in violation of the provisions of 29 U.S.C. Sec. 621 *et. seq.* has denied and continues to deny MAXEY an equal opportunity for employment, because of age. Defendant has engaged in and is engaging in the following unlawful practices with the purpose and effect of denying MAXEY equal opportunity.

11. MAXEY began his employment with Defendant on or about February 25, 2008. MAXEY's last position with ALLSTATE was Market Research Manager.

12. Plaintiff began reporting to Senior Market Research Manager Ken Kirsten around February 2016.

13. Throughout his employment with ALLSTATE, up to and through MAXEY's discharge on August 9, 2017, MAXEY performed according to ALLSTATE's legitimate expectations.

14. Nevertheless, Kirsten subjected MAXEY to unwarranted criticism about his work performance. Prior to reporting to Kirsten, MAXEY received favorable reviews from his previous supervisors.

15. Approximately three weeks prior to MAXEY's discharge from ALLSTATE, Kirsten made ageist remarks about him to another Senior Market Research Manager, Priscilla Dixon, including, but not limited to, that he was "slow" and that Kirsten wanted "younger employees because they follow orders better."

16. MAXEY was informed about these remarks by another Senior Market Research Manager, Jett l/n/u, approximately one week before MAXEY was terminated.

17. After being informed of Kirsten's comments, MAXEY made a complaint of age discrimination to Defendant's Human Resources Department approximately.

18. Subsequently, on August 9, 2017, Kirsten informed MAXEY that his employment was terminated.

## COUNT I – TERMINATION BASED ON AGE (ADEA)

19. Plaintiff reincorporates and realleges the allegations in paragraphs 1 through 18 as though more fully set forth herein.

3

20. MAXEY was subjected to age discrimination in that there was a double standard set up between older employees and younger employees not included within the protected class.

21. Age was the determining factor in Plaintiff MAXEY's discriminatory treatment and the decision to terminate his employment. But for Plaintiff's age, he would not have been terminated. Defendant knew that the discriminatory treatment of Plaintiff on account of age violated the ADEA.

22. In terminating MAXEY, Defendant maliciously and/or recklessly violated the ADEA.

23. The unlawful employment practices alleged herein were committed within the State of Illinois.

24. This is a proceeding for a declaratory judgment as to Plaintiff's rights for a permanent injunction restraining Defendant from maintaining a policy, practice, custom or usage of discriminating against Plaintiff because of age with respect to compensation, terms, conditions and privileges of employment and in ways that deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of age. This complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by him, but for Defendant's unlawful and discriminatory practices.

25. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from

Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

26. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, WILLIAM MAXEY respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Age Discrimination in Employment Act;

2. Permanently enjoin Defendant, their agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of age;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff liquidated damages for Defendant's willful conduct; and

8. Grant such other relief as may be just and proper.

## COUNT II – RETALIATION (ADEA)

27. Plaintiff reincorporates and realleges Paragraphs 1 through 18 as though more fully set forth herein.

28. Plaintiff engaged in statutorily protected activity when he complained of age discrimination to Allstate's Human Resources Department.

29. Plaintiff was discharged in retaliation for engaging in statutorily protected activity in violation of 29 U.S.C. § 623(d).

30. One or more similarly situated employees who did not engage in statutorily protected activity were treated more favorably.

31. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendants and the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

32. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff WILLIAM MAXEY, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the ADEA.

2. Permanently enjoin Defendants, their agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race.

4. Immediately assign Plaintiff to the job that she would now be occupying but for the age-based hostile practices of Defendants, and adjust the wage rates, salaries, bonuses and benefits for Plaintiff to those which she would be enjoying but for the race-based hostile practices of Defendants, or if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including pre-judgment interest and other benefits that she would have received but for the age-based hostile practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7. Award Plaintiff punitive damages for Defendants' willful conduct; and

8. Grant such other relief as may be just and proper.

Respectfully submitted,

**WILLIAM MAXEY,**
**Plaintiff,**

/s/ Paul W. Ryan
One of his attorneys

Eugene K. Hollander
Paul M. Ryan
Jonathan L. Hoeven
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, IL 60606
(312)-425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com
jhoeven@ekhlaw.com

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that he caused copies of **Plaintiff's Amended Complaint** to be served on all counsel of record by filing same using the Court's CM/ECF system on this 9th day of February 2018 before 5:00 p.m.

                                                            /s/ Paul W. Ryan